

## IN THE COURT OF APPEALS FOR THE STATE OF WASHINGTON

| | |
|---|---|
| PAULINE B. SCHNEIDER, | No. 67256-8-I |
| Respondent, | |
| v. | DIVISION ONE |
| JONATHAN P. ROSS, | UNPUBLISHED OPINION |
| Appellant. | FILED: March 11, 2013 |

LEACH, C.J. — Jonathan Ross appeals a one-year protection order restraining him from contacting Pauline Schneider and her adult child, Thomas Jacobson. Ross claims that the trial court denied his right to a jury trial, considered evidence without providing him with adequate notice, and failed to make a proper record of e-mail evidence it considered. Because the Washington Constitution does not provide a right to a jury trial in Domestic Violence Prevention Act[1] proceedings, Ross did not preserve the evidentiary issue for review, and the trial court made a sufficient record of the evidence it considered, we affirm.

## Background

On April 13, 2011, Pauline Schneider filed a petition for an order for protection DV [domestic violence], alleging specific acts of domestic violence against her and her autistic adult child, Thomas Jacobson. Schneider alleged

---

[1] Ch. 26.50 RCW.

that Ross pushed her against the wall a number of times, slammed doors against her and Jacobson, punched a hole in the wall, punched his own car out of rage, and sent threatening e-mail. Schneider also stated that Ross threatened, verbally and through text messages, to kill himself and sent her an e-mail with his last will and testament. Although Renton police responded to several of these complaints, they did not file police reports about the incidents.

The trial court issued an ex parte temporary protection order and set a hearing for April 27, 2011. On April 21, 2011, Ross's attorney filed a notice of appearance and requested a continuance. At Schneider's request, the court extended the temporary protection order through the new hearing date, May 10, 2011.

On May 6, 2011, Ross filed a declaration, stating that Jacobson created the hostile environment while Jacobson was living with Schneider and Ross. Ross denied ever pushing or shoving Schneider or Jacobson. Rather, he claimed that Jacobson threatened him, which led Ross to call the police.

At the May 10, 2011, hearing, the trial court considered the parties' testimony and declarations and court records showing a history of domestic violence. The court concluded that Schneider established a reasonable fear of domestic violence by a preponderance of the evidence. Specifically, the court determined that the violent acts alleged, such as punching a hole in drywall and pushing and shoving Schneider and Jacobson, led to a fear of imminent physical harm. The court issued a one-year protection order. Ross appeals.

Analysis

For the first time on appeal, Ross argues that he has a constitutional right to a jury trial in a domestic violence protection order hearing.[2] We disagree.

Under the Washington State Constitution, article 1, section 21, the right to a jury trial remains inviolate.[3] A defendant has a right to a jury trial in a civil action that is purely legal in nature, but not in one that is purely equitable in nature.[4] We resolve the legal or equitable character of a claim based on the action's nature, and not its form.[5]

In Blackmon v. Blackmon,[6] Division Two held a defendant is not entitled to a jury trial in a Domestic Violence Protection Act proceeding because cases similar in nature to a modern protection order proceeding were within the exclusive jurisdiction of equity courts when the state constitution was adopted:

> [P]rotective orders are essentially a type of injunction. Injunctions are equitable in nature. Thus, when a person petitions the court solely for a domestic violence protection order . . . , neither [the petitioner] nor the party she seeks to have restrained is entitled to have a jury decide whether a judge should issue a protection order.

We agree that a protection order proceeding is equitable in nature and hold that the Washington Constitution does not guarantee a jury trial in Domestic Violence

---

[2] Because the defendant's right to a jury trial involves manifest error affecting a constitutional right, we may address this issue for the first time on appeal. RAP 2.5(a)(3); State v. Kirkman, 159 Wn.2d 918, 926, 155 P.3d 125 (2007).

[3] See also CR 38(a).

[4] Auburn Mech., Inc. v. Lydig Constr., Inc., 89 Wn. App. 893, 897, 951 P.2d 311 (1998).

[5] Auburn Mech., 89 Wn. App. at 899.

[6] 155 Wn. App. 715, 721, 230 P.3d 233 (2010) (citations omitted).

Prevention Act proceedings. Because the only relief requested was entry of a protection order against Ross, the court properly decided the case without a jury.

Ross next contends that the trial court improperly considered as evidence an e-mail that he wrote to Schneider, without providing him adequate notice and an opportunity to contest the evidence. To preserve an evidentiary error for appeal, a party must object to give the trial court the opportunity to prevent or cure the error.[7] Ross did not raise this claim in the trial court and offers no reason why we should review it now.[8]

Ross also argues that the trial court erred in failing to admit the e-mail into evidence. Although he also did not preserve this issue for appeal, we note that the trial court read the e-mail into the record and entered a finding based on it. In its oral ruling, the court stated that the court "initially considered making this a shorter-term order until I saw this email [sic]" and conclude[d] that "a one-year order is appropriate in this case." The trial court made an adequate record of the e-mail it considered.

## Conclusion

Because the Washington Constitution provides no right to a jury trial in Domestic Violence Prevention Act proceedings, because Ross did not preserve

---

[7] Kirkman, 159 Wn.2d at 926.
[8] RAP 2.5(a).

for review the claimed evidentiary error, and because the court made a sufficient record of e-mail evidence it considered, we affirm.

*Leach, C.J.*

WE CONCUR:

*Appelwick, J.*                    *Spearman, J.*