# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

LEANNE HARRIS,

           Respondent,

v.

JASON HARRIS,

           Appellant.

)
)
)
)
)
)
)
)
)
)
)
)

No. 73607-8-I

DIVISION ONE

UNPUBLISHED OPINION

FILED: July 25, 2016

SPEARMAN, J. – The trial court has broad discretion to determine the admissibility of evidence in a protection order proceeding under chapter 26.50 RCW. Jason Harris contends the trial court erred in excluding audio recordings that violated Washington's privacy act, the declarations of his minor children, and evidence of Leanne Harris's prior history of marital and sexual relationships. Finding no abuse of discretion, we affirm the trial court's entry of a protection order.

## FACTS

Jason and Leanne Harris met in August 2014 on a Christian online dating site. Under circumstances that are disputed, the parties married on October 1, 2014, in a civil ceremony at Bellevue District Court. Jason[1] acknowledges that before the marriage, he learned that Leanne's visa had expired, that her visa status left her unable to work, and that she had no money to support herself or her children.

---

[1] When necessary for purposes of clarity, we refer to the parties by their first names.

Immediately after the marriage, the couple moved into a house in Redmond, Washington.

On October 15, 2014, Leanne petitioned for a domestic violence protection order. She alleged that on October 5, 2014, five days after they were married, Jason got on top of her and forced her to have "non-consensual"[2] intercourse. Leanne asserted that she had been "celibate for many years"[3] and that the parties had agreed to remain celibate until they could arrange a church wedding ceremony. Leanne maintained that Jason became jealous and aggressive almost immediately after the marriage and accused her of being unfaithful. The trial court entered a temporary protection order on October 15, 2014.

At a hearing on November 19, 2014, Jason disputed Leanne's account of the alleged sexual assault. He claimed that during the parties' brief courtship, Leanne pressured him into marrying her quickly, despite his skepticism. On the day after the marriage, Jason performed "some online research"[4] and discovered Leanne's "illegal immigrant status."[5] That discovery, coupled with Leanne's "behavioral aggression" immediately after the marriage, persuaded Jason that "I was being used and played for the essentials of marriage for citizenship purposes. . . ."[6]

---

[2] Clerk's Papers (CP) at 5.

[3] Id.

[4] CP at 63.

[5] Id.

[6] Id.

On October 3, 2014, two days after the marriage, Jason told Leanne that he would be moving out. Jason maintains that Leanne initiated the "mutually consensual" sexual encounter on October 5 "in an attempt in getting me to stay."[7]

In support of his claims, Jason submitted transcripts of five recordings he allegedly made of his conversations and telephone calls with Leanne on October 7-10, and 19, 2014, in which she indicated that the October 5 incident was consensual. Jason did not submit the original recordings. He claimed that he told Leanne he was recording the conversations.

Leanne objected to the transcripts, contending that, with one exception, she did not know that Jason was recording the conversations and that the recordings therefore violated the Washington privacy act, ch. 9.73 RCW. Leanne also objected to declarations from Jason's two minor children, which described incidents allegedly occurring October 9 and 11, 2014.

At the conclusion of the hearing, the trial court reissued the temporary protection order and scheduled another hearing, pending the submission of documents from the ongoing criminal investigation. The court excluded four of the five transcripts because Jason failed to demonstrate that Leanne consented to the recordings. The court admitted the October 19 telephone conversation because the transcript included Jason's statement that the call was being recorded. During the

---

[7] CP at 65.

-3-

call, Leanne told Jason, "I forgive you. That's all I wanted to say."[8] The court also excluded the declarations of Jason's minor children under King County Local Family Law Rule (KCLFLR) 6(e)(2) ("Declarations by minors are disfavored").

At the next hearing, which occurred on April 14, 2015, Jason sought to introduce evidence of Leanne's prior marriages and relationships in Europe going back as far as 1996. He claimed that Leanne was not divorced from one of her prior husbands, which meant that "her passport is fraudulent," that she had committed "identity fraud,"[9] and that she "is in the open commission of bigamy."[10] Jason also asked the trial court to consider specific evidence that Leanne was "sexually active" in 2011 and "that her history is replete of her being a sexual aggressor. . . ."[11] Jason argued that such evidence undermined the credibility of Leanne's claim that she was celibate for many years.

The trial court was not persuaded that the proposed evidence was relevant and excluded it. The court offered Jason the opportunity to testify "in regards to the actual events that occurred,"[12] but he declined.

At the conclusion of the hearing, the trial court entered a one year protection order. As to the incident that occurred on October 5, 2014, the court acknowledged

---

[8] CP 115.

[9] Report of Proceedings (RP) (04/14/15) at 8.

[10] Id. at 9.

[11] Id. at 10.

[12] Id. at 14.

Jason's claim that the alleged sexual assault was "effectively a ploy to allow [Leanne] to stay in the country."[13] But the court found Leanne's account to be credible, noting that her descriptions had remained relatively consistent throughout her representations to the court and the investigating officers. The court awarded Leanne $4,900 in attorney's fees under RCW 26.50.060(1)(g).

Jason appeals.

## DISCUSSION

On appeal, Jason contends that the trial court erred in refusing to consider the exculpatory transcripts of his private conversations with Leanne after the alleged assault or the declarations of his minor children. He also asserts that he should have been permitted to testify about Leanne's prior sexual and marital relationships at the April 14, 2015 hearing. The trial court necessarily has broad discretion in ruling on evidentiary matters, and we will not overturn a trial court's ruling absent manifest abuse of discretion. Sintra, Inc. v. City of Seattle, 131 Wn.2d 640, 662–23, 935 P.2d 555 (1997) (citing Industrial Indem. Co. v. Kallevig, 114 Wn.2d 907, 926, 792 P.2d 520 (1990)).

Jason appears to contend that the trial court should have considered the proposed evidence under ER 1101(c)(4), which provides that in protection order proceedings, "other than with respect to privileges, the rape shield statute [RCW 9A.44.020] and ER 412," the rules of evidence "need not be applied." Thus, under

---

[13] Id. at 19.

the plain terms of ER 1101(c)(4), the trial court retains discretion whether to apply the relaxed evidentiary standards in a protection order proceeding. See generally Blackmon v. Blackmon, 155 Wn. App. 715, 230 P.3d 233 (2010).

The trial court excluded four of the five proposed transcripts because they contained no indication that Leanne consented to the recording of her private conversations. Under Washington's privacy act, it is "unlawful ... to intercept, or record any: ... [p]rivate communication transmitted by telephone ... between two or more individuals ...without first obtaining the consent of all participants in the communication." RCW 9.73.030(1)(a). Any information obtained in violation of this provision is inadmissible in a civil or criminal case. RCW 9.73.050. Because the record does not establish that Leanne consented to the recordings, the trial court did not abuse its discretion in excluding the four transcripts.

The trial court also excluded the declarations of Jason's two minor children under KCLFLR 6(e)(2), which provides that "[d]eclarations by minors are disfavored." The declarations described Leanne's conduct several days after the alleged assault. On appeal, Jason has not addressed the relevance of the proposed evidence or the trial court's reliance on the local family law rule. He has therefore failed to demonstrate any error or abuse of discretion.

Jason's contention that the trial court abused its discretion in excluding his proposed testimony at the April 14, 2015 hearing is not persuasive. Jason sought to testify about Leanne's history of marital and sexual relationships, including allegations going back to 1996. He claims evidence that Leanne was committing

bigamy and had recent sexual relationships undermined her credibility and demonstrated a motive to fabricate the alleged sexual assault. But the trial court acted well within its discretion when it concluded the evidence was irrelevant and chose to focus instead on the evidence concerning the events of October 5, 2014, the night of the alleged assault.

Jason also maintains that Leanne's false accusation of sexual assault was part of her scheme to obtain a "'U Visa.'"[14] But the argument is unconvincing because he fails to discuss, in his brief, the legal requirements for such a claim. See 8 U.S.C. § 1101(a)(15)(U)(i)(I)–(III); see generally Romero-Hernandez v. District of Columbia, 141 F.3d Supp. 29 (D.D.C. 2015). Under the circumstances of this case, we conclude the trial court did not abuse its discretion when it excluded the proffered evidence as irrelevant for purposes of the protection order proceeding.

Jason contends that "ER 1101(c)(4) as applied in domestic violence protection orders directly contravenes due process protections enshrined . . . ."[15] in the state and federal constitutions. Because he fails to support this contention with meaningful legal argument and citation to relevant authority, we decline to consider it. See Saunders v. Lloyd's of London, 113 Wn.2d 330, 345, 779 P.2d 249 (1989) (appellate court will decline to consider issues unsupported by cogent legal argument and citation to relevant authority).

---

[14] Brief of Appellant at 6.

[15] Brief of Appellant at 16.

No. 73607-8-I/8

Leanne has requested an award of attorney's fees on appeal. The trial court awarded Leanne attorney fees under RCW 26.50.060(1)(g). RAP 18.1(a) allows this court to award a party its reasonable attorney fees if an applicable law grants a party the right to recover them at trial. We grant Leanne's request for attorney's fees on appeal, subject to her compliance with RAP 18.1(d).

Affirmed.

_Spearman, J._

WE CONCUR:

_Leach, J._          _Dwyer, J._

-8-