## IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

In the Matter of the Marriage of:

TERESA BRESCIA WERNER,
AKA TERESA BRESCIA,

          Respondent,

and

JOSEPH CHRISTIAN WERNER SR.,

          Appellant.

No. 82369-8-I

DIVISION ONE

ORDER GRANTING MOTION
FOR RECONSIDERATION,
WITHDRAWING OPINION, AND
SUBSTITUTING OPINION

Respondent Teresa Brescia Werner moved to reconsider the court's opinion filed on March 21, 2022. Appellant Joseph Werner has filed a response. The panel has determined that the motion for reconsideration should be granted. The opinion shall be withdrawn and a substitute unpublished opinion shall be filed. Now, therefore, it is hereby

ORDERED that the motion for reconsideration is granted; and it is further

ORDERED that the opinion filed on March 21, 2022 shall be withdrawn and substituted with a new unpublished opinion.

FOR THE COURT:

_____
Mann, J.

_____
Verellen, J.

_____
Dwyer, J.

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

In the Matter of the Marriage of:

TERESA BRESCIA WERNER,
AKA TERESA BRESCIA,

Respondent,

and

JOSEPH CHRISTIAN WERNER SR.,

Appellant.

No. 82369-8-I

DIVISION ONE

UNPUBLISHED OPINION

MANN, J. — Joseph Werner appeals a Whatcom County Superior Court order denying revision of a commissioner's order that registered out-of-state court orders concerning child protection and custody. Because events that occurred after Werner filed his notice of appeal render his appeal moot, we dismiss the appeal.

## FACTS

A Whatcom County Superior Court dissolved the marriage of Joseph Werner and Teresa Brescia in 2010. The court ordered that the parties' two children would live primarily with the father. The following year, after the father relocated with the children

to Virginia, the same court entered a parenting plan that provided for the mother to have residential time with the children periodically on weekends and for extended periods during school breaks.

In 2020, the Commonwealth of Virginia initiated dependency proceedings involving the children, removed them from the father's custody, and temporarily placed them in the care of a relative in Virginia. In July 2020, a juvenile and domestic relations district court in Virginia entered orders as to each of the children. The court found that the children had been abused and neglected by the father due to his chronic alcoholism and that residing with the mother in Washington was in the children's best interest. The court transferred custody of the children to the mother, and in a protection order, limited the father's contact with the children to electronic visitation to be supervised by the mother. Several months later, the mother filed a motion in Whatcom County Superior Court to register the Virginia court orders. By this time, the father had relocated to Washington.

The father appealed the Virginia court orders. He also opposed registration of the Virginia orders in Washington. He argued that the Virginia court lacked jurisdiction to enter the orders under the Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA), ch. 26.27 RCW, because a Washington court made the initial determination of custody and had not subsequently declined jurisdiction. See In re Parentage of Ruff, 168 Wn. App. 109, 114, 275 P.3d 1175 (2012) (The UCCJEA "aims to prevent conflicting [child] custody orders by determining when a state can modify a custody order entered in another state.").

After a hearing, a superior court commissioner confirmed registration of the Virginia court orders, concluding that the father did not establish a defense to registration under RCW 26.27.441(4) (individual contesting registration of out-of-state orders must establish 1) lack of jurisdiction, 2) the custody determination sought to be registered has been modified or vacated, or 3) lack of required notice prior to entry of the out-of-state order).  The commissioner also awarded attorney fees of $2,272.50 to the mother.

The father filed a motion to revise the commissioner's decision.  See RCW 2.24.050 (superior court commissioner decisions are subject to revision by a superior court judge).  The superior court held a hearing on the motion and entered an order adopting the commissioner's order, denied the motion to revise, and awarded $843.75 in attorney fees to the mother.[1]  The father appealed.

After the father filed his notice of appeal in this case, in April 2021, a Virginia circuit court concluded on appeal that the parties' children do not reside in Virginia and had not resided there for more than six months.  As a result, that court determined that it lacked jurisdiction over the parties identified in the dependencies because "[t]he children and both parents are residents of Washington State, and a Court of competent jurisdiction in Washington State has entered orders relating to the custody and/or visitation of the children subsequent to the entry of the Virginia Beach [juvenile and domestic relations court] order."  In a separate, subsequent "final order," the same court dismissed the dependencies filed by the State.

---

[1] The court later awarded fees to the father of $300, effectively reducing the mother's second fee award to $543.75.

Three months later, in July 2021, the Whatcom County Superior Court issued several orders in the Washington family law case (Whatcom County Superior Court Cause No. 09-3-00055-7). Specifically, the court entered a temporary restraining order as to each child, prohibiting the father from "disturb[ing] the peace" of each child and from being within 500 feet of the children's home or school. The court also entered an order finding, upon the parties' stipulation, adequate cause to modify the parenting plan. Finally, the court entered a temporary parenting plan. Consistent with the Virginia court's prior orders, the plan provides for the children to reside with the mother—and based on a finding of neglect as to the father—provides for electronic visitation with the father, and requires him to undergo an evaluation and treatment for alcohol and substance abuse.

## ANALYSIS

The father claims the court erred in denying revision because the Virginia court lacked UCCJEA jurisdiction and its orders could not be registered and enforced in Washington. But even assuming the father met his burden to establish a defense to registration of the orders under RCW 26.27.441(4)(a), it is clear from the record that the Virginia dependency proceedings are now dismissed and the associated underlying court orders are no longer in effect. The father is not aggrieved at this point by the registration in Washington of the Virginia court orders.

Perhaps more importantly, the father fails to recognize that the Whatcom County Superior Court has subsequently entered its own orders pertaining to the custody and protection of the children. Therefore, the Washington court is now enforcing its own orders in this matter, not the previously registered Virginia court orders. In these

4

circumstances, reversal of the order on revision would provide no effective relief to the father.  See Blackmon v. Blackmon, 155 Wn. App. 715, 71920, 230 P.3d 233 (2010) ("A case is moot if a court can no longer provide effective relief.").  This case is moot.

We will sometimes review the legal merits of a moot case based on substantial public interests.  See Blackmon, 155 Wn. App. at 720 (review of expired protection order warranted because whether parties to a domestic violence protection order have a constitutional right to a jury trial was of substantial public interest).  No broader public interests are implicated here and the father does not argue otherwise.

Both parties request fees on appeal.  The father cites no legal basis for his request and, as a general matter, pro se litigants are not entitled to attorney fees for their work representing themselves.  We deny the father's request.  See Mitchell v. Wash. State Dep't of Corrections, 164 Wn. App. 597, 608, 277 P.3d 670 (2011).  The mother requests attorney fees on appeal under RCW 26.09.140.  "RCW 26.09.140 authorizes an award of [attorney] fees after consideration of one party's need and the other party's ability to pay."  Burrill v. Burrill, 113 Wn. App. 863, 874, 56 P.3d 993 (2002).  After reviewing the mother's affidavit of financial need we grant her request for reasonable attorney fees subject to compliance with RAP 18.1.

We dismiss the appeal as moot.

WE CONCUR:

_____
Mann, J.

_____

_____
Dwyer, J.

5