FILED
11/14/2022
Court of Appeals
Division I
State of Washington

**IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION ONE**

KARI GREGET,

                 Appellant,

      v.

KELLEY GREGET,

              Respondent.

No. 83336-7-I

UNPUBLISHED OPINION

CHUNG, J. — The court granted Kelley Greget a domestic violence protection order (DVPO) against Kari Greget on behalf of himself and their three minor sons. Kari[1] claims she was not properly served with the petition and notice of the hearing and that a single incident does not support a DVPO. The DVPO has since expired; therefore, we dismiss this appeal as moot.

FACTS

On September 2, 2021, Kelley Greget filed a petition for a domestic violence protection order (DVPO) against Kari Greget. A court commissioner granted a temporary order of protection and set a hearing for September 16, 2021. A process server attempted to serve Kari with the petition, temporary protection order, and the notice of hearing on September 11, 2021, and twice on September 12, 2021. After all

---

[1] For clarity we refer to the parties by their first names. We intend no disrespect.

three attempts were unsuccessful, the court continued the hearing to October 7, 2021, reissued the temporary order of protection, and granted permission for service by mail. Service by mail was effectuated on September 16, 2021.

The court entered the DVPO on October 7, 2021. Kari did not appear at the hearing. The DVPO restrained Kari from contact with Kelley and their three children until October 7, 2022. Kari appeals pro se.

DISCUSSION

A case is moot if a court can no longer provide effective relief. Maldonado v. Maldonado, 197 Wn. App. 779, 790, 391 P.3d 546 (2017). The DVPO expired on October 7, 2022, and has not been renewed. As a result, there is no longer an order from which this court can provide relief, so the case is moot.

We generally do not review the merits when a case involves only moot questions. Blackmon v. Blackmon, 155 Wn. App. 715, 720, 230 P.3d 233 (2010). However, we can make an exception for issues of substantial and continuing interest. Id. In deciding whether a case presents such issues we consider whether (1) the issue is of a public or private nature, (2) an authoritative determination is desirable to provide guidance to public officers, and (3) the issue is likely to recur. Id.

Here, the DVPO is private in nature, between the parties in this case. It is limited to its particular facts, so does not raise any issue as to which guidance to public officers is needed or that is likely to recur and escape review. While we understand the issues are of importance to Kari, the DVPO does not satisfy the requirements for the exception to mootness and does not allow for review on the merits of this case.

Kelley requests fees on appeal based on Kari's intransigence and as a sanction under RAP 18.9(a). He merely asserts intransigence and entitlement to fees under RAP 18.9(a) without providing any evidence of behavior to support that claim. As a result, we decline to award fees on appeal.

Dismissed.

_Chung, J._

WE CONCUR:

_Birk, J._