# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

DAVID THACKER,

          Appellant,

        v.

CRYSTAL SKOV,

          Respondent.

No. 84415-6-I

DIVISION ONE

UNPUBLISHED OPINION

FELDMAN, J. — David Thacker appeals the superior court's orders granting revision and terminating a domestic violence protection order (DVPO), which he had obtained from a commissioner, protecting him from his ex-wife, Crystal Skov. Resolution of this appeal has been delayed substantially because Thacker repeatedly requested additional time to file his designation of clerk's papers and appellate briefs. Consequently, absent revision and termination, the DVPO would have expired by now. Because reversal of the revision and termination orders would not provide effective relief to Thacker, we dismiss the appeal as moot. *Blackmon v. Blackmon*, 155 Wn. App. 715, 719, 230 P.3d 233 (2010) ("A case is moot if a court can no longer provide effective relief."). We likewise deny as moot Skov's agreed motion to strike Thacker's financial declaration.

Thacker claims the appeal is not moot because the superior court's revision and termination orders "will have significant collateral consequences in the parties' current parenting plan action." The parenting plan action is not before us. Further, Washington law is clear that the parenting plan action controls over the DVPO action. *Rodriguez v. Zavala*, 188 Wn.2d 586, 595 n.4, 398 P.3d 1071 (2017) ("provisions in [DVPOs] are subject to parenting plans"). For these reasons, we reject Thacker's collateral consequences argument.

Lastly, both parties request attorney fees on appeal. Under RAP 18.1, we may award attorney fees and costs to a party who prevails on appeal. *Aiken v. Aiken*, 187 Wn.2d 491, 506, 387 P.3d 680 (2017). To be a prevailing party, a party "must prevail on the merits." *Ryan v. Dep't Social & Health Services,* 171 Wn. App. 454, 476, 287 P.3d 629 (2012). Because we do not reach the merits in this appeal, we decline to award either party attorney fees on appeal.

Feldman, J.

WE CONCUR:

Díaz, J.

Mann, J.

- 2 -