**IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON**

**DIVISION  II**

| | |
|---|---|
| JULIET TERESE POTRYKUS, | No.  58301-1-II |
| Respondent, | |
| v. | |
| HENRY GEORGE POTRYKUS, | UNPUBLISHED OPINION |
| Appellant. | |

LEE, J. — Henry Potrykus appeals the domestic violence protection order (DVPO) protecting his wife, Juliet Potrykus, and their five minor children.[1]  Henry argues the superior court denied him due process by failing to identify or limit the allegations that would support the DVPO. Henry also argues that the DVPO is not supported by substantial evidence of domestic violence. Finally, Henry argues the DVPO unfairly discriminates against him and violates the Washington Law Against Discrimination (WLAD), chapter 49.60 RCW, and the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101.  However, because this appeal is now moot, we dismiss it.

FACTS

On September 7, 2022, Juliet filed a petition for a DVPO seeking protection for herself and her children.  Juliet's petition outlined her concerns regarding Henry's mental illness and her fear that he would take the children.  Juliet's petition also described some recent incidents in which

---

[1] Because Henry and Juliet have the same last name, we refer to them by their first names for clarity.  We intend no disrespect.

Henry engaged in conflict with her parents and one incident at a park in which Juliet alleged Henry threw one of the children on the ground.

At the hearing on the DVPO petition, the parties discussed whether to dismiss the petition because a restraining order had already been entered in the parties' family law court case. However, the court ultimately proceeded with the DVPO proceeding. On September 20, 2022, the superior court entered a one-year DVPO.

Henry appeals.

ANALYSIS

Henry raises various arguments challenging the DVPO. However, because this appeal is now moot, we dismiss it.

We will dismiss a case that is moot. RAP 18.9(c). A case is moot if a court can no longer provide effective relief. *Maldonado v. Maldonado*, 197 Wn. App. 779, 790, 391 P.3d 546 (2017). Although, we generally do not review a case that is moot, we can make an exception to review issues of substantial and continuing interest. *Blackmon v. Blackmon*, 155 Wn. App. 715, 720, 230 P.3d 233 (2010). In deciding that an issue is of substantial and continuing interest we consider whether (1) the issue is of a public or private nature, (2) an authoritative determination is desirable to provide guidance to public officers, and (3) the issue is likely to recur. *Id*.

Here, the DVPO Henry appeals expired on October 20, 2023. Therefore, the order being appealed is no longer restraining Henry and we cannot provide effective relief by reversing the order.[2] Also, there are no issues of substantial and continuing interest.

---

[2] We note that some cases have recognized that the court can provide relief from an expired order by cleansing the appellant's record and reputation of the stigma of the order. *See Hough v. Stockbridge*, 113 Wn. App. 532, 537, 54 P.3d 192 (2002), *reversed in part on other grounds*, 150 Wn.2d 234 (2003). However, that reasoning does not apply here because at least one other

No. 58301-1-II

        The issues Henry raises in this appeal are not issues of substantial and continuing interest.

First, this DVPO action is a private matter between Henry and Juliet, it is not an action of a public

nature.  Second, Henry's issues regarding notice and the sufficiency of the evidence supporting

the DVPO are specific to this case and, therefore, will not provide an authoritative determination

that will provide future guidance to the court.  And the issue regarding the WLAD and ADA may

require an authoritative determination if Henry had been denied access to the courts due to his

disability or had raised an issue under the ADA to the superior court.  However, Henry was not

denied access to the courts and no ADA issue was presented to the superior court during the

hearing; therefore, there is no issue for this court to offer guidance on.  Third, due to the case-

specific nature of the issues Henry raises, it is unlikely that these issues will recur.  Accordingly,

the issues Henry raises in this appeal are not issues of substantial and continuing interest.

        Because we can no longer provide Henry with effective relief from the expired DVPO, this

appeal is moot.  Accordingly, we dismiss this appeal.

---

restraining order was entered against Henry.  Therefore, reversing this DVPO would not cleanse
his record or remove any  stigma of having a prior order entered against him.

3

No. 58301-1-II

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Lee, J.

We concur:

Maxa, P.J.

Veljacic, J.