# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

# DIVISION  II

| | |
|---|---|
| In the Matter of the Parenting Plan of:<br><br>REBEKAH AILA MURIEL,<br><br>               Respondent,<br><br>     v.<br><br>JONATHAN DAVID FARRIS,<br><br>               Appellant. | No.  56723-7-II<br><br><br>UNPUBLISHED OPINION |

PRICE, J. — Jonathan D. Farris appeals a January 2022 parenting plan entered by the superior court in the dissolution of his marriage to Rebekah A. Muriel.  This parenting plan modified a prior 2020 parenting plan entered in the dissolution.  Muriel has moved to dismiss Farris' appeal as moot.

Because the parenting plan being appealed is no longer in effect, this appeal is moot. Accordingly, we dismiss Farris' appeal and award attorney fees to Muriel.

## FACTS

Muriel filed a petition to dissolve her marriage to Farris.  On November 19, 2020, the superior court entered a final parenting plan.  Four months later, Muriel filed a petition to modify the parenting plan.  On January 27, 2022, the superior court entered a new final parenting plan (January 2022 parenting plan).  Farris appealed the January 2022 parenting plan.

After the appeal was filed, Muriel filed a notice of intent to relocate and a motion for temporary order allowing her to relocate with the children to the United Kingdom. On June 15, 2023, the superior court entered a temporary order allowing Muriel to relocate with the children (June 2023 temporary order). Farris has objected to the relocation and a trial appears to be pending.

ANALYSIS

Muriel moved to dismiss this appeal, arguing that the January 2022 parenting plan has been replaced by the June 2023 temporary order and the appeal is now moot. We agree the appeal is moot.

A case is moot if a court can no longer provide effective relief. *Maldonado v. Maldonado*, 197 Wn. App. 779, 790, 391 P.3d 546 (2017). We will dismiss a case that is moot. RAP 18.9(c).

Although we generally do not review and decide a case that is moot, we can make an exception to review issues of substantial and continuing interest. *Blackmon v. Blackmon*, 155 Wn. App. 715, 720, 230 P.3d 233 (2010). In deciding that an issue is of substantial and continuing interest we consider whether (1) the issue is of a public or private nature, (2) an authoritative determination is desirable to provide guidance to public officers, and (3) the issue is likely to recur. *Id.* at 720.

Here, there is no effective relief that this court can provide. This appeal relates to the January 2022 parenting plan, but that parenting plan is not currently in effect. The parties are now governed by the June 2023 temporary order. And Farris has made no attempt to argue that the

January 2022 parenting plan has any continuing effect that would allow us to grant effective relief by reversing it.[1]

There is also no reason to apply the exception to mootness; this appeal does not raise issues of substantial and continuing public interest. This is a private matter between the parties. The issues raised by Farris are highly fact-specific and, therefore, determination of the issues would provide no useful guidance to public officers. And, because a temporary relocation order has been entered and trial on the relocation is pending, the specific issues related to the prior modification are unlikely to recur.

Muriel also requests attorney fees on appeal based on RCW 26.09.140 and RAP 18.9. RAP 18.1(a) allows us to award attorney fees on appeal if applicable law grants a party the right to recover attorney fees. RCW 26.09.140 provides that in dissolution proceedings,

> Upon any appeal, the appellate court may, in its discretion, order a party to pay for the cost to the other party of maintaining the appeal and attorneys' fees in addition to statutory costs.

Here, we exercise our discretion and award Muriel her attorney fees on appeal under RCW 26.09.140. Therefore, we do not address sanctions under RAP 18.9.

## CONCLUSION

This appeal is now moot. Accordingly, we dismiss Farris' appeal and award fees to Muriel.

---

[1] Muriel moved to dismiss this appeal in her response brief consistent with RAP 17.4(d). Farris did not file a reply brief or any other answer to Muriel's motion to dismiss.

No. 56723-7-II

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

PRICE, J.

We concur:

CRUSER, A.C.J.

CHE, J.