IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| MELVINA MANNING,<br><br>       Respondent,<br><br>       v.<br><br>ZACKARIAH JEREMIAH BENNETT,<br><br>       Appellant. | No. 84450-4-I<br><br>DIVISION ONE<br><br>UNPUBLISHED OPINION |

HAZELRIGG, A.C.J. — Zackariah Bennett seeks reversal of a domestic violence protection order based on a number of purported evidentiary errors. Because Bennett acknowledges that the order expired two months before his opening brief was filed and fails to demonstrate why this panel should nonetheless reach the merits of his challenge, the appeal is dismissed as moot.

FACTS

Zackariah Bennett is the father of minor son, TB. Melvina Manning, Bennett's mother and TB's grandmother, has had legal custody of TB since 2008.[1] The parties appear to agree that Bennett was incarcerated for a significant portion of the time since Manning was granted custody of TB. The parties dispute the timeline of attempted contact between Bennett and TB.

On June 17, 2022, Manning filed a petition for a domestic violence protection order (DVPO) in King County District Court, seeking to prevent Bennett

---

[1] The trial court referenced a 2008 custody order by case number and the same case is noted by Manning. Bennett acknowledges that Manning has had custody since 2008.

from contacting her or TB based on two particular incidents. Manning outlined her assertions about Bennett's conduct in the petition and attached a declaration from TB about the interactions. On June 21, 2022, the court entered a temporary order for protection restraining Bennett from contacting Manning or TB, and set a hearing date for July 1, 2022. At the July 1 hearing, the court ordered a three-week continuance based on Bennett's request for time to gather documentation to support his case. Bennett also sought a subpoena for footage from Manning's Ring[2] camera so that it could be reviewed by the court as evidence of what transpired between the parties on June 12, 2022. The court informed him that the state law governing the proceedings, former chapter 26.50 RCW (2019) and chapter 7.105 RCW,[3] did not permit the court to grant subpoenas or other discovery requests on Manning. On July 22, 2022, the court granted another continuance to give Bennett an opportunity to resubmit signed copies of the declarations he had provided to the court.

On August 5, 2022, after hearing argument from both parties, the court granted the DVPO and set the expiration one year from the issuance date. It found that the "unlawful harassment" component of domestic violence was most relevant to the circumstances and that Bennett's course of conduct served no legitimate purpose because he initiated the contact and he had received notice that Manning did not want him on her property. The court also found that Manning and TB were

---

[2] "Ring" is a manufacturer and operator of home surveillance and security products and services, including doorbell cameras.

[3] Former chapter 26.50 RCW (2019) was repealed by the Laws of 2021, ch. 215, § 170 but was the chapter that pertained to domestic violence prevention at the time the DVPO was ordered, while chapter 7.105 RCW continues to govern civil protection orders.

intimidated by Bennett's behavior and that the issuance of a previous restraining order was relevant.

Bennett timely filed his notice of appeal in the trial court on September 6, 2022, and it was transmitted to this court on September 8. However, he subsequently filed four separate motions for extensions of time to file his opening brief, the last of which acknowledged that the DVPO had expired on August 5, 2023. Bennett's opening brief was filed on October 3, 2023.

ANALYSIS

Bennett asserts that the trial court erred in reviewing a privileged exchange of messages between him and his former wife, in denying his request for the production and admission of security camera footage from Manning's house, and in not addressing spoliation of that footage. He also argues that the words he used in the latter of the two incidents underlying the petition for the DVPO are protected by the First Amendment to the United States Constitution and that he has a constitutionally-protected interest in maintaining a relationship with his son. Bennett's fourth and final motion for extension of time to file his opening brief noted, "An extension would maintain the status quo, as *the DVPO has already expired (08/05/2023)*." (Emphasis added.) In the conclusion of his opening brief, filed October 3, 2023, Bennett acknowledges that, "[a]s of this writing, the protection order has been expired for nearly [two] months," and yet requests that this court reverse the order. In her response brief, Manning addresses Bennett's various arguments and moves for dismissal of the appeal as moot.

"A case is moot if a court can no longer provide effective relief." *Maldondo v. Maldondo*, 197 Wn. App. 779, 790, 391 P.3d 546 (2017). Although we generally dismiss cases presenting only moot issues, we will consider issues that are of substantial and continuing interest. *Blackmon v. Blackmon*, 155 Wn. App. 715, 720, 230 P.3d 233 (2010). In determining whether a case presents an issue of substantial and continuing interest, three factors are determinative: whether the issue is of a public or private nature, whether a determination is likely to provide future guidance to public officers, and whether the issue is likely to reoccur. *In re Dep. of L.C.S.*, 200 Wn.2d 91, 99, 514 P.3d 644 (2022). The issuance of the DVPO is a private matter between Manning and Bennett and there is an abundance of case law to guide trial courts in the process of ruling on petitions for protection orders. Additionally, there is no indication that the precise evidentiary issues Bennett challenges here will arise in the future, even if Manning were to petition for a new protection order.

Most critically, while Bennett acknowledged in his final motion for an extension of time to file his opening brief, and in the brief itself, that the DVPO had already expired, he failed to engage with the test for mootness until his reply.[4] It is well established that we will not evaluate the merits of an argument raised for the first time in a reply brief. *See In re Dep. of A.N.C.,* 24 Wn. App. 2d 408, 419, 520 P.3d 500 (2022) (quoting *Brown v. Vail*, 169 Wn.2d 318, 336 n.11, 237 P.3d

---

[4] Bennett asserts in the "issue" portion of his reply brief that the DVPO is "public and falsely alleges domestic violence, which is highly detrimental to reputation, exponentially worse for someone striving to overcome a criminal history by building a good reputation." These conclusory statements, even if true, are offered without citation to legal authority or fact-specific analysis, and more critically, presented for the first time in reply. Accordingly, we decline to consider this argument.

263 (2010) ("'A party that offers no argument in its opening brief on a claimed assignment of error waives the assignment.'")). Accordingly, he has failed to satisfy his burden on appeal to establish that this panel should reach the merits of his challenges.

Manning's motion to dismiss the appeal as moot is granted.[5]

WE CONCUR:

Díaz, J.

---

[5] In the conclusion of her response brief, Manning requests attorney fees on appeal, but fails to offer any legal basis for such an award. RAP 18.1(a) requires that a request for attorney fees under that rule be supported by citation to authority and argument "to advise the court of the appropriate grounds for an award of attorney fees as costs." *Stiles v. Kearney*, 168 Wn. App. 250, 267, 277 P.3d 9 (2012). We decline to award fees as Manning's request does not comply with the RAP.