## IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| SHELBY LYNN SADLER,<br><br>　　　　　　　Respondent,<br><br>　　　　v.<br><br>MICHAEL DE VANEY,<br><br>　　　　　　　Appellant. | No. 87506-0-I<br><br>DIVISION ONE<br><br>UNPUBLISHED OPINION |

FELDMAN, J. — Michael De Vaney appeals an anti-harassment protection order (AHPO) protecting his nephew's former spouse, Shelby Lynn Sadler. Because reversal of the AHPO would not provide effective relief to De Vaney, we dismiss the appeal as moot. We also grant Sadler's request for costs because she substantially prevailed on appeal but deny her request for attorney fees because we are unable to conclude De Vaney's appeal was frivolous.

Sadler was previously married to De Vaney's nephew, Gabriel Boley. Sadler and Boley had a child together. Following dissolution proceedings, they entered into a temporary parenting plan that included visitation provisions. Boley subsequently enlisted De Vaney to attend and record the visitation exchanges. Sadler asked De Vaney to stop, and De Vaney refused. Thereafter, Sadler filed a petition for an AHPO, which a superior court commissioner granted. De Vaney

subsequently filed a motion for revision, which a superior court judge determined was untimely. He also filed a notice of appeal, which designates the AHPO as the decision he wants reviewed under RAP 5.3.

Sadler argues the appeal is moot because the AHPO has expired and will not be renewed. We agree. "A case is moot if a court can no longer provide effective relief." *Blackmon v. Blackmon*, 155 Wn. App. 715, 719, 230 P.3d 233 (2010). The AHPO at issue here expired on November 1, 2025. The record on Sadler's motion to dismiss also shows that the superior court denied her motion to renew the AHPO on November 17, 2025 and ruled that no additional hearings will be held in the trial court matter. The appeal period for the order of non-renewal expired on December 17, 2025. RAP 5.2. Because the AHPO has expired, it no longer restricts De Vaney's conduct. Consequently, this court can no longer provide effective relief. The appeal is therefore moot.

"We normally dismiss a case that involves only moot questions, unless that case presents issues that are of substantial and continuing interest." *Blackmon*, 155 Wn. App. at 720. "We consider three factors in deciding whether a case presents issues of continuing and substantial interest: (1) whether the issue is of a public or private nature, (2) whether an authoritative determination is desirable to provide future guidance of public officers, and (3) whether the issue is likely to recur." *Id.* Here, the visitation exchanges are governed by a parenting plan between Sadler and Boley, and whether to permit recording of these exchanges is an issue of a private nature. Nor is this matter an appropriate vehicle to provide guidance to public officers regarding the proper implementation of the parenting

plan. *See In re Marriage of Barone*, 100 Wn. App. 241, 247, 996 P.2d 654 (2000) (protection orders may not function as de facto modifications of parenting plans). And finally, nothing herein suggests the issue is likely to recur.

De Vaney does not squarely address any of the above factors. Instead, he states:

> [I]if the bogus anti-harassment order were to remain on Appellant De Vaney's public record, it could have an adverse effect on his state-funded housing allowance, rendering both Mr. and Mrs. De Vaney homeless. Forcing two disabled people out of their homes, is in fact a substantial issue of public importance, as it would then require the ADA's involvement, reopen this case to seek due process and legal restitution against Respondent Sadler.

When De Vaney raised this issue below, the commissioner responded, "This is not a criminal charge. It's a civil matter." While De Vaney appears to take issue with that response, we decline to consider his argument because it is unsupported by factual or legal citations. *See Cowiche Canyon Conservancy v. Bosley*, 118 Wn.2d 801, 809, 828 P.2d 549 (1992) ("the three grounds argued are not supported by any reference to the record nor by any citation of authority; we do not consider them"). We dismiss the appeal as moot.

Lastly, Sadler requests attorney fees and costs on appeal pursuant to RAP 14.2, RAP 18.l, RAP 18.9, RCW 4.84.185, and CR 11. Sadler substantially prevailed on appeal and is thus entitled to costs under RAP 14.2 subject to compliance with RAP 14.4. Regarding attorney fees, RAP 18.9(a) permits an award of appellate fees as a sanction for filing a frivolous appeal. "An appeal is frivolous if there are no debatable issues on which reasonable minds might differ and is so totally devoid of merit that there is no reasonable possibility of reversal."

*In re Custody of A.T.*, 11 Wn. App. 2d 156, 171, 451 P.3d 1132 (2019). "All doubts as to whether the appeal is frivolous should be resolved in favor of the appellant." *Id.* (quoting *In re Marriage of Schnurman*, 178 Wn. App. 634, 644, 316 P.3d 514 (2013)). While De Vaney unnecessarily prolonged this appeal after the AHPO expired, our commissioner's decision to deny without prejudice Sadler's motion to dismiss the appeal as moot and permit Sadler to include a similar motion in her brief of respondent gave De Vaney reason to believe his assignments of error might remain viable. Consequently, we are unable to conclude that his appeal was frivolous and therefore deny Sadler's request for attorney fees on appeal.

Appeal dismissed as moot.

WE CONCUR:

_Feldman, J._

_Díaz, J._

_Birk, J._